Coy, Plaintiff in Error, *vs.* DeWitt, Defendant in Error.

1. Where A., in payment of a debt due to him from B., agrees to accept an order on C. for a debt due from C. to B., B. is not released from liability until he makes such a transfer of the debt on C., as to enable A. to claim it in his own name.

*Error to Chariton Circuit Court.*

This was an action commenced before a justice of the peace and appealed to the Circuit Court, to recover forty dollars, being part of the price of a horse sold to the defendant. It appeared in evidence, that defendant agreed to pay forty-eight dollars for the horse, of which eight dollars was to be paid in goods, and forty dollars in a debt due from one Carey to the defendant. The goods were delivered, but the defendant having no ink or paper to write an order on Carey for the forty dollars, plaintiff agreed to take a verbal order, and if it was accepted by Carey in the presence of a witness, he agreed to take it at his own risk. Carey never accepted the order in the presence of the witness, nor was he ever called upon to do so. A few weeks afterwards, Carey left the county. The defendant offered evidence to show that the horse was worth less than forty-eight dollars, which was excluded. The court instructed that the defendant was not liable unless Carey had been called upon by the plaintiff, and had refused to accept the order or to promise to pay the debt. The plaintiff submitted to a nonsuit, and brings the case here by writ of error.

*Davis*, for plaintiff in error. The agreement did not extinguish the liability of the defendant until he did something to give plaintiff a right of action against Carey. No privity was established between plaintiff and Carey. *Butler* v. *Height*, 8 Wend. 535. 3 A. K. Marsh. 680. Chitty on Contracts, 613–14, 750–56.

*J. B. Clark*, for defendant in error. It devolved upon the plaintiff to show that he had used at least ordinary diligence

to get Carey's acknowledgment, before he could come against the defendant.

RYLAND, Judge, delivered the opinion of the court.

By the contract, as proved in this case, and set forth in the above statement, the defendant was to give to the plaintiff forty dollars, part of the price at which the horse was purchased, in a debt on one Carey. This required the defendant to do what was necessary to transfer such interest in the debt on Carey as to enable the plaintiff to claim the debt. The defendant not having done so, he is liable to the plaintiff, and must pay.

In the opinion of this court, it is competent for the defendant to show that the horse was of less value than the price agreed upon originally: the price might have been increased, on account of the risk to be run in the collection of the Carey debt. The judgment of the court below is therefore reversed, and this cause is remanded for further proceedings, in accordance with the views of the court in this opinion; the other judges concurring.